MILES EHRLICH (Bar No. 237954)
miles@ramsey-ehrlich.com
ISMAIL RAMSEY (Bar No. 189820)
izzy@ramsey-ehrlich.com
ANJALI SAKARIA (Bar No. 225716)
anjali@ramsey-ehrlich.com
RAMSEY & EHRLICH LLP
803 Hearst Avenue
Berkeley, CA 94710
(510) 548-3600 (Tel)
(510) 291-3060 (Fax)

*Attorneys for Defendant Michael F. Kara*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: CR 09-0417-MHP |
| PLAINTIFF, | |
| v. | UNOPPOSED MOTION FOR COMPETENCY EXAM AND HEARING; [PROPOSED] ORDER |
| MAHER FAYEZ KARA, MOUNIR FAYEZ KARA (A/K/A MICHAEL F. KARA), and EMILE YOUSSEF JILWAN, | HON. MARILYN HALL PATEL |
| DEFENDANTS. | |

## I.      Preliminary Statement

Defendant Michael Kara has authorized his lawyers to enter into settlement

negotiations with the government.   Over the past few weeks, the parties have actively

1   participated in such talks and are discussing the possibility of Michael entering a guilty

2   plea agreement that would involve cooperation.

3

4        But before this Court could properly accept a guilty plea from Michael Kara, it

5   must ensure that the defendant is mentally competent.  The defendant must be able to

6   knowingly and intelligently waive his constitutional trial rights.  Michael Kara's

7   interactions with defense counsel raise a bona-fide doubt as to his competency to enter

8   such a plea.

9

10       Accordingly, on behalf of defendant Michael Kara, his attorneys of record hereby

11  move, under 18 U.S.C. §§ 4241 and 4247, that this Court order a hearing and a

12  corresponding psychiatric examination and report to determine his competency to enter a

13  guilty plea.

14

15       While the United States does not take a position as to whether the defendant is, in

16  fact, incompetent to enter a plea in this action, it does not object to the defense's request,

17  given Michael Kara's medical history and representations of counsel regarding certain

18  statements made by Michael Kara during the course of their representation.

19

20                          **II.      Argument**

21       **A.  Before accepting a guilty plea from Michael Kara, a Court must first find**
22            **that he is competent to waive his trial rights.**

23       Federal Rule of Criminal Procedure 11(c) requires that, before accepting a guilty

24  plea, a Court must inform the defendant of, and determine if a defendant waives, various

25  constitutional rights, including:

26
27       •      the right to plead not guilty, or having already so pleaded, to persist
         in that plea;
28       •      the right to a jury trial;

- 2 -

- the right at trial to confront and cross-examine adverse witnesses;
- the right to be protected from compelled self-incrimination;
- the right to testify and present evidence; and
- the right to compel the attendance of witnesses.

A court must ensure that the defendant understands the nature of the proceedings in order to ensure that he can knowingly and intelligently waive these various trial rights. *See* FED. R. CRIM. P. 11(c).  Only a competent defendant can properly make such a waiver.  *See Godinez v. Moran*, 509 U.S. 389, 396 (1993).

The standard for determining if a defendant is competent to enter a guilty plea is equivalent to that for ensuring competency to stand trial – specifically "whether the defendant has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him.'" *Godinez v. Moran,* 509 U.S. 389, 396 (1993) (*quoting Dusky v. United States,* 362 U.S. 402 (1960)).

**B. A bona-fide doubt exists as to Michael Kara's competence to enter a plea, requiring a psychiatric examination and report and a hearing to determine whether or not he is competent to do so.**

When a court is presented with circumstances that raise a bona-fide doubt about a defendant's ability to consult with his lawyer with a reasonable degree of rational understanding or with facts that call into question a defendant's rational as well as factual understanding of the proceedings, the court should hold a hearing to determine whether the defendant is competent.  *See* 18 U.S.C. § 4241(a) (*emphasis added*); *see also, Godinez*, 509 U.S. at 401 n.12; *Pate v. Robinson*, 383 U.S. 375, 384-85 (1966).

The Ninth Circuit has described a bona-fide doubt as "sufficient doubt, good faith, genuine doubt, reasonable doubt, and substantial question; these all describe the same

constitutional standard." *Hernandez v. Ylst*, 930 F.2d 714, 716 n.3 (9th Cir. 1991).  It

exists "if there is 'substantial evidence of incompetence.' 'Although no particular facts

signal incompetence, suggestive evidence includes a defendant's demeanor before the trial

court, previous irrational behavior, and available medical evaluations.'" *Amaya-Ruiz v.*

*Stewart,* 121 F.3d 486, 489 (9th Cir. 1997) (internal citations omitted).

Here, the defendant has a long history of mental illness.  He has been treated for bi-

polar disorder I and other mental illnesses dating back to 1994.  A more detailed

description of his mental health and treatment is set forth in the declaration of undersigned

counsel in support of this motion.  *See* Exh. A (Declaration of Ismail Ramsey).  Michael

Kara is currently taking a variety of medications that are prescribed to address his mental

health.  *See id.*

Despite his ongoing treatment, recent interactions with his attorneys – coupled with

his mental health history – raise a bona-fide doubt as to whether he is competent to waive

his constitutional rights and enter a plea.  Several statements by Michael to his counsel

raise a bona-fide doubt as to this defendant's competency sufficient to warrant an

examination and hearing.  This is despite numerous other interactions that by themselves

did not raise such doubt.  Defense counsel has set forth the nature of the various

statements that raise a concern in a declaration filed under seal in conjunction with this

motion.  *See* Exh. A (Declaration of Ismail Ramsey).

Because the declaration includes private information related to defendant's medical

history, the defense requests that this Court allow the Declaration of Ismail Ramsey in

support of the motion be allowed to be filed under seal.

**C. This Court should order a psychiatric examination and report prior to holding a hearing to determine the defendant's competency under 18 U.S.C. §§ 4241 - 47.**

The hearing to determine a defendant's competency must be conducted pursuant to Section 4247(d).

Prior to the hearing, under 4241(b) and 4247(b), the court may order that a psychiatric or psychological examination of the defendant be conducted and that a report be filed with the court. *See 18 U.S.C.* §4247(b).  The report shall include:

> (1) the person's history and present symptoms;
> (2) a description of the psychiatric, psychological, and medical tests that were employed and their results;
> (3) the examiner's findings; and
> (4) the examiner's opinions as to diagnosis, prognosis, and—
>> (A) . . . whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

…

*Id.*

Given the circumstances that raise a bona-fide doubt as to Michael's competency, it is appropriate for this to Court order that Michael Kara submit to such an examination regarding competence.  Within 10 court days of an order signed by this Court, the parties will jointly select a psychiatrist to examine the defendant, and the government will bear the costs of examination, pursuant to 18 U.S.C. § 4200 et seq.  The parties will submit to the Court a stipulation as to the selection of the psychiatrist.

While the court may order a defendant into custody in order to secure an examination, such an order here is unnecessary.  Michael is released on a $100,000 bond; he has made all court appearances; and he is willing to voluntarily submit to an exam.

**III.    Conclusion**

For the reasons stated above, the defense asks this Court (1) to set a hearing to determine Michael Kara's competency to enter a guilty plea and (2) to order that Michael Kara be examined by a certified psychiatrist to determine his competency to enter a guilty plea and to file a report with this Court.

Further, the defense requests that the declaration of defense counsel Ismail Ramsey shall be filed and maintained under seal by the Clerk of the Court until further order directs otherwise, as the declaration includes private information related to the defendant's medical records.

Dated:        February 24, 2010            Respectfully Submitted,

RAMSEY & EHRLICH LLP


//s//
ISMAIL RAMSEY
ATTORNEY FOR MICHAEL KARA


GOOD CAUSE HAVING BEEN SHOWN, this Court hereby ORDERS that a psychiatric or psychological examination of the defendant Michael Kara be conducted and that a corresponding report be filed with the court.  *See 18 U.S.C.* §4247(b).  The report shall address:

- Michael Kara's mental health history and present symptoms;
- a description of the psychiatric, psychological, and medical tests that were employed and their results;
- the examiner's findings; and
- the examiner's opinions as to diagnosis, prognosis, and whether Michael Kara is suffering from a mental disease or defect rendering him mentally incompetent to enter a guilty plea to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly

1    in his defense.

2          The Court also orders that the Declaration of defense counsel Ismail Ramsey be

3

4    filed and maintained by the Clerk of the Court under seal until another order directs

5    otherwise.

6          This Court further orders a hearing to determine Michael Kara's mental

7    competency to enter a guilty plea on _____, 2010.

8          Dated:

9

10

11                                          _____
                                            HON. MARILYN HALL PATEL
12                                          US DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28